IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| WARREN DWAIN FRANSAW | § | |
| v. | § | CIVIL ACTION NO. 9:07cv122 |
| DIRECTOR, TDCJ-CID, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Relator Warren Fransaw, proceeding *pro se*, filed this application for the writ of mandamus relating to his conviction and a prior habeas corpus application which he filed in this Court. The Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Fransaw is serving a 55-year sentence for aggravated robbery. He filed a habeas corpus petition in this Court styled Fransaw v. Director, TDCJ-CID, civil action no. 9:07cv47, challenging this conviction; however, his habeas corpus petition was denied on April 2, 2007, because the statute of limitations had expired. On August 1, 2007, Fransaw's appeal of this case was dismissed because he failed to timely file a motion for certificate of appealability and brief in support.

According to Fransaw, this dismissal was in error because he had filed a state habeas application which was denied on October 20, 1999, and then a second one which was denied on March 29, 2006. Fransaw argues throughout his pleadings that his limitations period should run from the time that his second state habeas petition was denied. His present mandamus application appears to be directed against this Court, because the district judge presiding over his habeas case "failed to comply with procedures" by failing to consider the state application which was denied in 2006.

After review of the pleadings, the Magistrate Judge issued a Report on August 29, 2007, recommending that Fransaw's mandamus application be dismissed. The Magistrate Judge observed first that in the judicial context, the writ of mandamus is used to confine inferior courts to a lawful exercise of its prescribed jurisdiction or to compel inferior courts to exercise authority when it is their duty to do so. In this case, however, Fransaw asks that the Court issue a writ of mandamus against one of its own judicial officers, which the Magistrate Judge said is outside of the district court's power to accomplish.

In addition, the Magistrate Judge said, Fransaw failed to show that he has a clear right to the relief sought. The Court's decision in Fransaw's prior habeas case did discuss the 2006 state habeas petition which Fransaw filed; however, this state habeas petition was filed after the statute of limitations had expired and therefore did not revive any portion of it. *See* Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999). Fransaw's apparent belief that his state habeas petition revived the limitations period, or that the federal limitations period began to run upon the denial of his second state habeas petition, is simply incorrect. Consequently, the Magistrate Judge said, Fransaw has not shown that the district judge had any "duty" to reject the Report and Recommendation in his federal habeas case.

To the extent that Fransaw may seek mandamus relief against the Director of TDCJ, the Magistrate Judge said, the request is without merit because the Court cannot issue writs of mandamus against state actors. Finally, the fact that the Magistrate Judge and the District Judge assigned to Fransaw's present mandamus case are the same judicial officers assigned to his federal habeas case did not pose a conflict because Fransaw is plainly not entitled to mandamus relief. Doddy v. Oxy USA Inc., 101 F.3d 448, 458 n.7 (5th Cir. 1996) (no conflict in judge determining recusal motion directed at himself).[1]

---

[1] Fransaw did not object to the fact that the Magistrate Judge and District Judge assigned to this case are the same judicial officers who heard his federal habeas petition.

Fransaw filed objections to the Magistrate Judge's Report on September 17, 2007. In his objections, Fransaw first devotes considerable time to arguing that he paid the filing fee for his petition, apparently because the Magistrate Judge had stated that the terms of the Prison Litigation Reform Act did not apply to the petition because it was in the nature of habeas corpus. The fact that Fransaw paid the filing fee is neither disputed nor germane; the Magistrate Judge's reference to the PLRA was simply to explain why the dismissal of this petition should not count as a strike for purposes of 28 U.S.C. §1915(g).

Next, Fransaw again refers to his second state habeas petition to show why the district judge in his habeas petition failed to follow proper procedures. However, as the Court explained, Fransaw's second state habeas petition was filed after the statute of limitations had expired and therefore did not revive any portion of the limitations period. Fransaw's belief that his limitations period began to run upon the denial of his second state habeas petition is incorrect. His objection on this ground is without merit.

Finally, Fransaw discusses the merits of his challenge to his conviction, which was set out in his original habeas petition. However, this petition was dismissed as barred by the statute of limitations, and the appeal of this dismissal has itself been dismissed. Fransaw has not shown that he is entitled to mandamus relief regarding the circumstances of his conviction or the disposition of the federal habeas corpus petition concerning his conviction, and so his request for mandamus relief is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Relator's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Relator are without merit. It is accordingly

ORDERED that the Relator's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of mandamus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that the dismissal of this petition shall not count as a strike for purposes of 28 U.S.C. §1915(g).  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

So **ORDERED** and **SIGNED** this **3**   day of **October, 2007.**

_____
Ron Clark, United States District Judge